UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS R. ANGUS, on behalf of PATRICIA-ANNE,

                Petitioner,

      v.                                       9:13-CV-0017
                                                       (GLS)
KEVIN MULVERHILL, et al.,

                Respondents.
_____

APPEARANCES:                                OF COUNSEL:

THOMAS R. ANGUS
Next Friend for PATRICIA-ANNE
Gi-Ni-Ti Harcum-El Bey
Hogunsburg Post Office
c/o Box 81 Pyke Road
Akwesasne Konicuke 13655

GARY L. SHARPE
Chief United States District Judge

## DECISION AND ORDER

### I. INTRODUCTION

On October 26, 2012, Thomas Raymond Angus commenced this action in the Southern District of New York by filing a document captioned "Declaration for Writ of Habeas Corpus Relief" on behalf of a person identified only as Patricia-Anne. *See* Dkt. No. 1, Petition ("Pet."). On November 11, 2012, Angus filed an amended petition with several additional exhibits. *See* Dkt. No. 2, Amended Petition ("Am. Pet."). This action was subsequently transferred to the Northern District of New York because Patricia-Anne is allegedly detained within this district. *See* Dkt. No. 3, Transfer Order. For the reasons that follow, this action is dismissed without prejudice.

## II.     THE PETITION

Although the amended petition is not entirely clear, it appears that the New York State Police arrested Patricia-Anne on October 19, 2012, after being found in possession of an unknown quantity of marijuana during a traffic stop. *See* Am. Pet at 3.[1]  According to Angus, Patricia-Anne is currently detained at the Franklin County Jail. *Id.* at 1.

Within two weeks of Patricia-Anne's arrest and confinement, Angus commenced this action as her "next friend."  *See* Am. Pet. at 1.  Angus identifies himself as Patricia-Anne's "bondsman," and he alleges that she "is in grave danger, fearing for life and safety . . . [and] is without counsel and does not wish [c]ounsel at this time[.]"  *Id.* at 2.

Angus appears to challenge Patricia-Anne's confinement on the following grounds: she is being held "without law or due process" because her arrest was illegal and not pursuant to a valid warrant; she is being held pursuant to fictitious orders and judgments; she has not been presented with any instrument charging her with a crime, and is therefore unable to understand the nature of the charges against her; she has been denied her right to a speedy trial; and her bail is excessive and illegal. Am. Pet. at 1-2, 7.  Angus also claims that: Franklin County and the Franklin County Jail are outside the "jurisdictional boundaries of the presumed State of New York" as set forth under a land grant to the Duke of York; New York could not have ratified the United States Constitution; several Franklin County officials are not properly bonded and are conspiring to violate Patricia-Anne's constitutional rights, and assigned counsel (presumably in the state court criminal proceedings) was a participant

---

[1] The amended petition discusses at length the traffic stop of another individual - Veronica Marion - who was traveling on the same road as petitioner on October 19, 2012.  Am. Pet. at 3.  The amended petition claims that the New York State Police illegally detained Marion and her passenger for over two hours following an improper traffic stop.  *Id.*  The amended petition, however, is unclear as to how, or why, this incident is relevant to Patricia-Anne's claims.  *Id.*

in this alleged conspiracy; and Patricia-Anne is not subject to the laws of New York because she is an "aboriginal woman" of "Kaniensehaka" descent and New York's laws "violate[] Kainerehkowa and the law of Nations." Am. Pet. at 2-6. Finally, Angus claims that Patricia-Anne was "abducted" from inside Kanienke tribal territory. *Id.* at 8.

Angus seeks Patricia-Anne's immediate release from custody, a permanent injunction against the named respondents that orders them to "cease and desist from any further trespass upon" her, and payment for her alleged "false imprisonment" in the amount of "seventy (70) one ounce Gold American Eagles for each hour of false imprisonment," plus "twenty-three thousand five-hundred twenty (23,520) one ounce gold American Eagles." Am. Pet. at 8.

## III.  DISCUSSION

### A.  Next Friend Status

Angus has commenced this action as a "next friend" to Patricia-Anne. Angus fails to include any further identifying information regarding Patricia-Anne. Based upon the record, it is unclear whether "Patricia-Anne" is a full name or simply a hyphenated first name.

In any event, a petition for a writ of habeas corpus may be brought either "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. When a petition is brought by someone other than the prisoner, that "next friend" must demonstrate that he or she has standing to act on the prisoner's behalf. *Whitmore v. Arkansas*, 495 U.S. 149, 163-65 (1990). The Supreme Court has established two prerequisites for "next friend" status: (1) a "next friend" must "provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-for why the real

3

party in interest cannot appear on his own behalf to prosecute the action;" and (2) the "next friend" must be "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* at 163-64.  The person asserting "next friend" status bears the burden of clearly establishing "the propriety of his status and thereby justify[ing] the jurisdiction of the court."  *Id.* at 164.

Angus has not met this burden.  He has not provided an adequate explanation for why Patricia-Anne cannot appear on her own behalf.  *See Whitmore*, 495 U.S. at 162-64.  Although Angus states that Patricia-Anne is without counsel, her purported pro se status is insufficient to permit next friend standing.  *See Smith v. Conway*, No. 1:07-CV-7174, 2008 WL 2531194, at \*4 (S.D.N.Y. June 24, 2008) (finding that petitioner's pro se status is no excuse).  Additionally, Angus has not established that, as Patricia-Anne's bondsman, he is truly dedicated to protecting her interests.  *See Whitmore*, 495 U.S. at 163-64 (suggesting that a next friend must have some significant relationship with the real party in interest).  For these reasons, Angus has not met his burden of establishing a basis for "next friend" jurisdiction.  *See New York ex rel. Fox v. Fed. Bureau of Prisons,* No. 1:08-CV-4816, 2008 WL 5191843, at \*3 (E.D.N.Y. Dec. 5, 2008); *Clark v. Burge*, No. 1:06-CV-658, 2007 WL 1199475, at \*2 (W.D.N.Y. April 19, 2007).

Even assuming he was permitted to proceed as next friend, it would be inappropriate to permit Angus, a lay person, to represent Patricia-Anne in this action.  *See Machadio v. Apfel,* 276 F.3d 103, 106 (2d Cir. 2002).  Accordingly, the Court lacks jurisdiction over this action.

**B.    Proper Statute and Exhaustion**

Even if the Court could properly exercise "next friend" jurisdiction over this action, Angus has not exhausted available state court remedies.

Angus states that this action is being brought pursuant to Article III of the United States Constitution, which generally details the power, tenure and compensation of the judiciary, and Article I, section 9, clause 2 of the Constitution, which provides that, "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. 1, § 9, cl. 2; art. III; Am. Pet. at 1. Neither of these provisions confers habeas jurisdiction on this Court.

To the extent that petitioner seeks relief pursuant to 28 U.S.C. § 2254, this Court lacks jurisdiction to entertain it. Section 2254 governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 relief "is inapplicable absent a judgment of the State Court." *Lindsey v. Kruegler*, No. 9:07-CV-0800 (GLS/DRH), 2007 WL 2903502, at *1 (N.D.N.Y. Oct. 1, 2007) (quoting *United States ex rel. Weston v. Nenna*, 290 F. Supp. 42 (S.D.N.Y. 1968)). Here, Patricia-Anne is not in custody pursuant to a state court judgment because the state court criminal proceedings against her appear to be ongoing and there has been no adjudication on the merits of her claims. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 493 (1973) (noting that the habeas statute cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court"); *Lindsey*, 2007 WL 2903502, at *1 (petition dismissed as premature where the petitioner was awaiting trial on charges pending against him); *Williams v. Horn*, No. 1:06-CV-3068, 2006 WL 2333874, at *1 (E.D.N.Y. Aug. 9, 2006) (dismissing petition as premature and for failure to

5

exhaust state court remedies), *recon. denied*, 2006 WL 2620427 (E.D.N.Y. Sept. 12, 2006); *Montaya v. Attorney Gen. of N.Y.*, No. 86-CV-4276, 1987 WL 6405, at *1 (E.D.N.Y. Jan. 28, 1987) (petitioners awaiting trial could not seek habeas relief from state custody because no judgment had yet issued).

To the extent that Angus is invoking 28 U.S.C. § 2241, this action is premature. Section 2241(c)(3) allows prisoners to seek writs of habeas corpus if "in custody in violation of the Constitution or laws or treaties of the United States." Several courts in this Circuit have concluded that Section 2241 may be used by state detainees to challenge their pre-trial custody as being in violation of the Constitution or federal law. *See Robinson v. Sposato*, No. 2:11-CV-191, 2012 WL 1965631, at *1-2 (E.D.N.Y. May 29, 2012); *Marte v. Berkman*, No. 1:11-CV-6082, 2011 WL 4946708, at * 5 (S.D.N.Y. Oct.18, 2011), *aff'd on other grounds sub nom*, *Marte v. Vance*, 480 F. App'x. 83 (2d Cir. 2012).

Although 28 U.S.C. § 2241 does not contain an exhaustion provision within the language of the statute, it has been held that the exhaustion requirement applies to petitions brought under Section 2241(c)(3). *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C. Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); *Marenna v. Malloy*, No. 3:10-CV-0675, 2011 WL 381563, at *3-4 (D. Conn. Feb. 2, 2011) (dismissing habeas petition brought pursuant to Section 2241(c)(3) in which the petitioner challenged a warrant seeking his extradition from Connecticut to Pennsylvania because the petitioner failed to exhaust his claims in state court before filing his federal petition). Section 2241 "cannot be used to 'permit the derailment of a pending state

proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Allen v. Maribal*, No. 1:11-CV-2638, 2011 WL 3162675, at * 1 (E.D.N.Y. Jul. 25, 2011) (citation omitted). Accordingly, federal courts should refrain from derailing "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Allen*, 2011 WL 3162675, at * 1.

Here, Angus concedes that Patricia-Anne has not sought relief from her detention in state court prior to commencing this action. Am. Pet. at 2, 8. He claims, however, that there are "no [j]udicial or administrative remedies available." *Id.* But, as noted, the state court criminal proceedings against Patricia-Anne were still pending when this action was filed, and the amended petition suggests that she has counsel to assist her. Am. Pet. at 1-3. There are mechanisms in place in New York that Patricia-Anne may use to litigate her constitutional claims. *See, e.g.,* N.Y. Crim. Proc. Law § 255.10 (governing pre-trial motions); N.Y. Crim. Proc. Law § 710.10 (governing motions to suppress evidence); *People ex rel. Meltzer v. Kings Cnty. Dist. Attorney*, 100 A.D.3d 811 (2d Dep't. 2012) (sustaining state court application for writ of habeas corpus for bail reduction). Because state court remedies exist, and Patricia-Anne has not presented her claims to the New York courts, this action is dismissed without prejudice for failure to exhaust her claims. *Braden,* 410 U.S. at 491, *Marenna*, 2011 WL 381563, at *3-4.[2]

---

[2] It is also worth noting that, pursuant to the Supreme Court's ruling in *Younger v. Harris*, 401 U.S. 37, 45 (1971), absent unusual circumstances, federal courts must abstain from intervening in ongoing state criminal proceedings when adequate state relief is available. *Younger* abstention is appropriate when: (1) there is a state court proceeding pending at the time of the commencement of the federal action; (2) an important state interest is implicated; and (3) the petitioner "has an avenue open for review of constitutional claims in state court." *Hansel v. Town Court for the Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995). The doctrine applies both to injunctive and declaratory relief. *Samuels v. Mackell*, 401 U.S. 66, 73-74 (1971). Here, liberally construing Angus's papers, the state criminal proceedings against Patricia-Anne remain pending, and there is ample opportunity for review of her claims in state court by way of motion practice, direct appeal, or collateral review. Additionally, the ongoing prosecution implicates important state interests. *See Hansel*, 56 F.3d at 393 ("[I]t is axiomatic that a state's interest

**IV. CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for the reasons set forth above; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Decision and Order on Angus in accordance with the Local Rules; and it is further

**ORDERED** that no certificate of appealability shall issue in this case because there has been no "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

Dated: January 31, 2013
       Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court

---

in the administration of criminal justice within its borders is an important one."); *Baker v. Supreme Court for N.Y.*, No. 1:12-CV-4750, 2012 WL 4739438, at *2 (E.D.N.Y. Oct. 3, 2012) (finding *Younger* applicable in action brought pursuant to 42 U.S.C. § 1983 where there was a pending state criminal proceeding, the prosecution of a crime implicated an important state interest, and the state court provided the litigant with an adequate opportunity for judicial review of his claims). Angus has not demonstrated any extraordinary or unusual circumstances that would mitigate against *Younger* abstention, and this action may also be dismissed without prejudice on that ground.

[3] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'" (citation omitted)).